United States District Court
Southern District of Texas

**ENTERED**

June 22, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARY ANN ESHELMAN AND REGINALD "REGGIE" CLARK, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED, | § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | Civil Action No.: 4:20-cv-3119 |
| MPFP, LLC, ET AL., | § § | |
| *Defendants.* | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

This Fair Labor Standards Act (FLSA) case is before the Court on "Representative Plaintiffs' Motion to Certify the Proposed Collective and Collective Action, Approve Form of and Disseminate Notice, and Toll the Collective Members' Statute of Limitations, or, in the Alternative, to Allow Plaintiffs to Conduct Additional Discovery and Re-File the Instant Motion, and Memorandum in Support Thereof."[1]  ECF 38.  Having considered the parties' submissions[2] and the law, the Court recommends that the Motion be DENIED and this case proceed with the representative plaintiffs, individually, as the only plaintiffs in this case.

### I.    Background

Plaintiffs Eshelman and Clark were employees of Marco's Pizza in Pasadena, Texas who used their personal vehicles to deliver pizzas and other food for Marco's.  On September 8, 2020 they filed a Complaint against MPFP, LLC d/b/a Marco's Pizza (Marco's) alleging that Marco's

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. ECF 16.
[2] Defendants' Unopposed Motion for Leave to File Sur-Reply (ECF 49) is GRANTED.

pay scheme violated the overtime provisions of the FLSA.  On October 6, 2021, with leave of Court, Plaintiffs filed a First Amended Complaint joining multiple Marco's franchisees as Defendants.[3]  Plaintiffs now seek certification of a collective action against Defendants and approval of notice to the following prospective members of the collective action:

> All pizza delivery drivers employed by Defendants from the date of three years preceding the filing of the original Complaint.

ECF 38 at 4.  Plaintiffs also seek an order tolling the statute of limitations for all prospective members of the collective and in the alternative additional discovery relevant to certification of a collective action.  Defendants object to certification of a collective action because the proposed members are not "similarly situated."

## II.    Legal Standards

The FLSA authorizes employees to maintain a suit against employers "for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  The Fifth Circuit recently set forth guidelines for determining when an FLSA case should proceed as a collective action.  In *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 434 (5th Cir. 2021), the Fifth Circuit expressly rejected the two-stage approach of *Lusardi v. Xerox, Corp.*, 118 F.R.D. 351 (D.N.J. 1987) routinely applied by district courts.  In doing so, the Fifth Circuit embraced "interpretative first principles: (1) the FLSA's text, specifically § 216(b), which declares (but does not define) that only those 'similarly situated' may proceed as a collective; and (2) the Supreme Court's admonition that while a district court may 'facilitat[e] notice to potential plaintiffs' for case-management purposes, it cannot signal approval of the merits or otherwise stir up litigation." *Id.* (citing *Hoffmann-La Roche, Inc. v.* Sperling, 493 U.S. 165, 169 (1989)).  *Swales* instructs

---

[3] The added Defendants are MPZ11, LLC, MPFRY, LLC, MPLMF, LLC, MPHCE, LLC, MPSAN4, LLC, MPKTY1, LLC, MPLGC, LLC, MPMGT, LLC, Robert Pina, Uyen Tran, Patrick Kelly, Robert Schonhoeft, and Ryan Justus. Collectively, Defendants operate 17 Marco's Pizza stores in Texas.

district courts to "identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.'" *Id.* at 441. After identifying the material facts and legal considerations at issue, the Court may decide (i) collective action is not appropriate; (ii) additional discovery is needed to make a determination; or (iii) a certain category of employees is similarly situated and should be given notice. *Id.* at 443.

Although *Swales* invalidated *Lusardi's* lenient two-step approach, district courts continue to apply the factors identified in *Lusardi* to determine whether plaintiffs have met their burden to show that potential collective action members are "similarly situated." *Fuller v. Jumpstar Enterprises, LLC*, No. CV H-20-1027, 2021 WL 5771935, at *3 (S.D. Tex. Dec. 6, 2021). "Those factors are: (1) the disparate factual and employment settings of the proposed plaintiffs; (2) the various defenses available to the defendant which appear to be individual to each proposed plaintiff; and (3) fairness and procedural considerations." *Id.*   "[T]he district court has broad, litigation-management discretion" to determine whether to certify a collective action. *Swales*, 985 F.3d at 433.

### III.   Analysis

### A.  Plaintiffs have not met their burden to show all delivery drivers are similarly situated with respect to Defendants' pay practices alleged to violate the FLSA.

Plaintiffs allege that Defendants paid delivery drivers a set hourly rate for work performed in the store; a reduced hourly rate for each hour out on delivery; and a "per delivery reimbursement," which consisted of a gas allowance for mileage.  ECF 38-2, ¶¶ 6-7; ECF 38-3, ¶¶ 6-7.  Defendants paid delivery drivers the per delivery reimbursement and customer tips in cash at the end of each driver's shift.  ECF 38-2, ¶ 15; ECF 38-3, ¶ 15.  Plaintiffs allege that the reimbursement was below the IRS milage reimbursement rate and insufficient to cover the expenses necessary to maintain a legally compliant vehicle, such as taxes, registration, insurance,

3

and regular maintenance.   ECF 38-2, ¶¶ 3-4; ECF 38-3, ¶¶ 3-4.   According to Plaintiffs, Defendants' pay scheme violates the FLSA because it results in net wages in an amount below the required federal hourly minimum wage.

Plaintiffs argue that this FLSA action is suited to collective action on behalf of all delivery drivers because all Defendants at all locations paid delivery drivers the same way.   Defendants argue that whether the scheme results in a net hourly rate below the minimum wage depends on the amount of the per delivery reimbursement (which varies by location) and the driver's expenses (which vary at least by a driver's car and local conditions).   Therefore, according to Defendants, all drivers are not similarly situated with respect to the pay scheme.   The material facts that must be resolved to determine FLSA liability and damages in this case are:  (i) the delivery driver's in-store hourly rate, (ii) the delivery driver's reduced delivery hourly rate, (iii) the per delivery reimbursement, and (iv) whether each driver maintained a vehicle for delivery only and if so, each driver's expenses for maintaining the vehicle used for deliveries.   Thus, the proposed collective is not similarly situated with respect to the complained-of pay practice.

This case differs from those in which the specific job duties or work location of each prospective collection action member is irrelevant to the legality of a universal pay scheme.   *See Young v. Energy Drilling Co.*, 534 F. Supp. 3d 720, 724 (S.D. Tex. 2021) (plaintiff's "regular rate" miscalculation claim based on the non-discretionary nature of the bonuses did not depend on the employees' specific job duties or where the employee worked and therefore could be litigated collectively).   In this case, whether or not the pay scheme at issue resulted in a below minimum wage depends on individual facts regarding the employee's specific work duties, location, and vehicle.

In *Fuller*, plaintiffs sought collective action status for delivery drivers that the employer allegedly misclassified as independent contractors instead of as employees. 2021 WL 5771935, at *2. The *Fuller* court found "some common aspects" between plaintiffs and potential collective action members (proposed members had similar workday structures and were paid in the same way), but also found no evidence that drivers worked common or standard hours and found no consistency between drivers in the amount of weekly pay. *Id.* at 4-5. Likewise, Plaintiffs here have presented some evidence that all Defendants' delivery drivers were paid in a similar manner,[4] and all were required to use their own legally compliant vehicle.[5] In addition, Plaintiffs have provided substantially identical Declarations describing other employees as being subjected to the same "inadequate reimbursement" policy:

> I know that there are other hourly-paid Marco's Pizza employees who worked under the same conditions that I described above. Based on conversations with these other drivers, like Mary Ann Eshelman, I know that these workers, like me, were subjected to the same inadequate reimbursement policy I complain of herein. Further, I am aware that Defendants operates [sic] at least eight (8) Marco's Pizza locations in Texas. It is my understanding that delivery drivers were classified, treated and paid by Defendants as one group, regardless of the precise Marco's Pizza location or area served.

ECF 38-2, ¶ 20; ECF 38-3, ¶ 20.

Yet, as was the case in *Fuller*, Plaintiffs have not shown consistency across the proposed collective members with respect to other material "similarly situated" factors, such as the ratio of each driver's delivery-to-in-store-hours worked, the amount of the per-delivery reimbursement, the amount of tips, and the amount of each driver's expenses for their vehicles. Clearly, whether the per-delivery fee adequately compensated an employee depends on material facts that vary among proposed collective action members. *See, e.g.,* ECF 38 at 13 (noting that the per delivery

---

[4] *See* ECF 38-4 (Justus Depo.); ECF 38-5 (Schonhoeft Depo.).
[5] *See* ECF 38-6 (Kelly Depo.).

fee paid to a driver is "based on the average mileage to the center of the delivery zone for that particular store."). Plaintiff Eshelman testified that she was paid a higher in-store and delivery rate than Clark; that she sometimes forgot to clock back in after a delivery (lowering her overall rate); that she used two cars for deliveries and also used her cars for a second job as a delivery driver for Pizza Hut; that her mileage and insurance costs varied between her cars; and that she has no records to support any of her vehicle expenses. *See* ECF 43-1 at 2-41. Eshelman candidly acknowledged that the costs of making deliveries are "probably different" for every driver. *Id.* at 37; *see also* ECF 43-1 at (Clark testimony that drivers "made different amounts of money"). These factors, which clearly vary among members of the proposed collective, are material to determining whether each member similarly situated with respect to the pay practices that allegedly violate the FLSA.

Defendants have demonstrated that a determination of liability under the FLSA will require individual determinations of expenses and pay. Plaintiffs argue that the Court should not be concerned at this stage about the merits of their liability case, but only about whether the delivery drivers performed similar jobs and were paid in a similar way. *See* ECF 38 at 7. Plaintiffs also argue all drivers were subject to the same pay practice and therefore differences do not preclude collective action. Plaintiffs' arguments may have carried weight using the *Lusardi* analysis, but they are unpersuasive post-*Swales*. In *Swales*, the Fifth Circuit rejected the idea that a district court should not consider the merits when determining whether notice is appropriate and instead held that "[w]hen a district court ignores that it can decide merits issues when the considering the scope of a collective, it ignores the "similarly situated" analysis and is likely to send notice to employees who are not potential plaintiffs." 985 F.3d at 442. Here, the potential plaintiffs are not similarly situated because they have "disparate factual and employment settings," and Defendants

have "various defenses available" based on the circumstances of individual drivers.  *See Fuller*, 2021 WL 5771935, at \*3 (identifying factors for determining whether plaintiffs are similarly situated).  Contrary to Plaintiffs' position (*see* ECF 38 at 17), the potential variations among drivers impact not only the amount of an individual driver's unpaid wages, but also whether the scheme resulted in compensation below minimum wage and therefore violated the FLSA.  Absent from the record is any information from which Defendants' liability and the delivery drivers' damages can be determined on a collective basis.  Therefore, the Court should exercise its "broad litigation management discretion" and deny Plaintiffs' motion for certification of a collective action.  *Swales,* 985 F.3d at 433; *Fuller*, 2021 WL 5771935 at \*7.

**B.     Additional discovery is not necessary**

As an alternative to certification of a collective action, Plaintiffs have requested they be allowed to withdraw this motion and refile it after further discovery.  Plaintiffs fail to specify the additional discovery they intend to propound and how that discovery will would result in a different outcome.  *See* ECF 38; ECF 48.  While the Court recognizes Plaintiffs may not have done all the discovery they would like, they have undertaken substantial discovery, including depositions of Defendants' representatives.  Further, the depositions of representative Plaintiffs Eshelman and Clark lend support to Defendants' position that individual analysis of the delivery drivers' FLSA claims is required.  The need for individual discovery from prospective members of the collective action is precisely the reason why a collective action in this case "would quickly devolve into a cacophony of individual actions." *Fuller*, 2021 WL 5771935 at \*7 (quoting *Swales*, 985 F.3d at 442).  Based on the information demonstrating that liability and damages cannot be determined collectively, the Court does not think it  appropriate to order further discovery before ruling on the instant Motion.  Finally, because the Court recommends denying a collective action,

7

the Court does not address Plaintiff's arguments regarding the form of notice or tolling of statute of limitations.

**IV.     Conclusion and Recommendation**

The Court concludes that Plaintiffs have not met their burden to show there is a category of similarly situated employees that should receive notice of this action pursuant to 29 U.S.C. § 216(b).  Therefore, the Court RECOMMENDS that Plaintiff's Motion (ECF 38) be DENIED.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(c).  Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

 Signed on June 22, 2022, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge